IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYE CHRISTOPHER-RASHAUD NEWTON, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 16-267-SLR ) |
| CITY OF WILMINGTON, et al., | ) ) ) |
| Defendants. | ) |

Sye Christopher-Rashaud Newton, James T. Vaughn Correctional Center, Smyrna, Pro se plaintiff.

**MEMORANDUM OPINION**

Dated: July 30, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Sye Christopher-Rashaud Newton ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 2)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A

2

complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 346.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. ALLEGATIONS IN THE COMPLAINT

The complaint names a number of private attorneys, public defenders, judges, Attorney General of the State of Delaware Matt Denn ("Denn"), deputy attorneys general, unnamed Clerk's Office personnel, and the City of Wilmington ("City of Wilmington") and contains allegations related to two criminal cases wherein plaintiff entered into plea agreements. Plaintiff alleges that he was coerced into entering both plea agreements through the use of threats, fraudulent information, and misadvice, all accomplished through conspiratorial actions among defendants. Plaintiff pled guilty to assault in the second degree in October 2006, and pled guilty to robbery on February

27, 2007, following which he was immediately sentenced in both the assault and robbery cases. See Newton v. State, 2015 WL 4389878, at *1 (Del. 2015). Plaintiff complains about the representation he received from his defense counsel, actions taken by deputy attorneys general in prosecuting his cases, orders entered by judges, and orders filed under wrong case numbers and sent by Clerk's Office personnel to wrong parties. Plaintiff alleges these acts violated his civil rights because he is black and indigent.

In January 2014, plaintiff filed a Rule 61 motion for postconviction relief. While not clear, it appears that defendant Delaware Superior Court Judge Jane M. Brady ("Judge Brady") denied the motion or was somehow involved with the motion given that plaintiff alleges that Judge Brady and defendant Delaware Superior Court Judge Diane Clarke Streett ("Judge Streett") entered, or were a direct cause of the entry of, a non-compliance order on June 3, 2014. Plaintiff explains that the Rule 61 motion was referred to Judge Brady on August 11, 2014 and that she held onto it until September 5, 2014, when it was referred to Judge Streett. Plaintiff also complains that Judge Brady ordered counsel to represent plaintiff, that defendant Office of Conflicts Counsel ("OCC") arranged an attorney, but the attorney "hindered more than helped." Plaintiff alleges that he did not need counsel and Judge Brady knew this.

Plaintiff also complains that, due to clerical errors in November 2014, docketing clerks sent orders to the wrong parties. He alleges that after he complained, a docket entry on November 8, 2014 suddenly appeared. Plaintiff's Rule 61 motion was dismissed on January 26, 2015. Plaintiff sought relief under Rule 60, and he also filed a notice of appeal. The Rule 60 motion was dismissed. On July 15, 2015, the

Delaware Supreme Court affirmed the Delaware Superior Court's judgment that denied plaintiff's motion for postconviction relief under Rule 61. *See Newton v. State*, 2015 WL 4389878 (Del. 2015). Plaintiff alleges that the Delaware Courts lacked jurisdiction to enforce an invalid contract (i.e., plea agreement), and failed to prevent further violations. He also alleges that the Delaware Supreme Court deprived him of his right to equal protection. Plaintiff seeks punitive damages and declaratory and injunctive relief including an investigation of the Delaware criminal justice system.

## IV. DISCUSSION

### A. Statute of Limitations

All claims prior to November 9, 2013 are barred by the applicable two-year statute of limitations.[2] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

---

[2]The complaint was signed on November 9, 2015, but not docketed until April 15, 2016. Because plaintiff is incarcerated, the court gives plaintiff the benefit and considers the complaint filed as of the date it was signed and the earliest date it could have been delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (complained deemed filed as of the date it was delivered to prison officials for mailing to the court).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff references acts taken by various defendants during the prosecution of two criminal cases from August 8, 2005 through July 15, 2015. The instant complaint was not filed until November 9, 2015. Hence, it is evident from the face of the complaint that claims accruing prior to November 9, 2013 are time-barred and they will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[3]

---

[3]The claims against defendants attorney Andrew Witherell ("Witherell"), Delaware deputy attorney generals Ipek Kurul ("Kurul") and Brian Robertson ("Robertson"), attorney Raymond Radulski ("Radulski") include, but are not limited to: (1) waiver of plaintiff's arraignment without his knowledge or consent; (2) waiver or failure to request a preliminary hearing without plaintiff's knowledge or consent; (3) failure of defense counsel to inform plaintiff that his co-defendant had admitted guilt; (4) defense counsel advised plaintiff at an unscheduled and unannounced court scheduling hearing that plaintiff's mere presence at the scene of the crime was enough to convict plaintiff, that his co-defendant was upstairs and ready to testify against him, that the State had moved the trial date, and that it was plaintiff's final opportunity to take the plea; (5) plaintiff admitted guilt due to defense counsel's misstatement and misinterpretation of the law; (6) plaintiff was subjected to racial discrimination by the prosecution; (7) the prosecution deprived plaintiff of justice; (8) defendants conspired to deprive plaintiff of his right to equal protection based upon his race; (9) prosecution

6

## B. Habeas Corpus

To the extent that plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. 2011) (unpublished). In addition, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explained that,"a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement

---

requested that sentencing be postponed; (10) prosecution targeted and extracted harsher plea deals for black defendants; (11) defense counsel did not discuss any evidence favorable to plaintiff, offered plaintiff a "last minute" plea, informed plaintiff that he had no available defenses, failed to advise plaintiff that there was a taped video-statement that would exonerate plaintiff, and coerced plaintiff into pleading guilty. (*See* D.I. 2, pl.'s decl.)

7

or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, plaintiff has not alleged or proven that his convictions or sentences have been reversed or invalidated as provided by *Heck*. To the extent plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

### C. Judicial Immunity

The complaint contains allegations against a number of judicial officers for acts taken by them during the pendency of plaintiff's criminal cases. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Here, plaintiff failed to set forth any facts that would show that any of the judges acted in the absence of jurisdiction. Defendant judges are immune from suit and the claims will be dismissed as frivolous and based upon their immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).[4]

---

[4]The judges include Judge Streett, Judge Brady, Delaware Supreme Court Chief Justice Leo Strine ("Chief Justice Strine"), and Delaware Supreme Court Justices Randy Holland ("Justice Holland") and Karen Valihura ("Justice Valihura").

8

### D. Prosecutorial Immunity

Plaintiff complains of acts taken by deputy attorneys general during the prosecution of his criminal cases. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

The acts of which plaintiff complains fit squarely within the realm of official prosecutorial duties. *See id.* at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity). Defendants attorneys general enjoy immunity from § 1983 liability for those acts. Therefore, the court will dismiss the claims as frivolous and based upon defendants' prosecutorial immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).[5]

### E. Defense Counsel

The complaint names private attorneys, an assistant public defender, and the Delaware Public Defender as defendants. None of these individuals are state actors as is required to state a claim under § 1983. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); *Steward v. Meeker,* 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under

---

[5]The named prosecutors are Kurul and Robertson.

9

color of state law when representing client); *Thomas v. Howard,* 455 F.2d 228 (3d Cir. 1972) (court-appointed attorney does not act under color of state law).

There are no allegations in the complaint that give rise to a plausible inference that any of the attorneys who represented plaintiff in his criminal cases acted under color of state law or conspired with state actors to deny plaintiff his constitutional rights. Accordingly, plaintiff cannot recover under § 1983. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 175-76 (3d Cir. 2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."); *see also Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 245 (3d Cir. 2005). The claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).[6]

### F. Person

The complaint names the OCC as a defendant. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams,* 474 U.S. 327, 330 (1986). The claim against the OCC is barred by *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir. 2005). Accordingly, the

---

[6]Witherell and Radulski represent plaintiff in his two criminal matters, Delaware public defender Brandon J. O'Neill ("O'Neill") supervised the assistant public defenders, and private attorney Theopolis Gregory ("Gregory") was appointed to represent plaintiff in the Rule 61 motion proceeding.

claims against the OCC will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### G. Clerk's Office Personnel

The complaint names Jane/John Does, New Castle County Clerk's Office personnel as defendants. Plaintiff complains of administrative functions performed by Clerk's Office personnel. "The United States Supreme Court has long recognized that officials performing judicial and quasi-judicial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities." *Walker v. Elliott*, 2010 WL 4916714 n.3 (M.D. Pa. 2010). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); *Henig v. Odorioso*, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judiciary employees executing judicial orders are immune from suit); *Davis v. Philadelphia Cnty.*, 195 F.Supp.2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters).

Common law immunities for quasi-judicial officials applies and prevents plaintiff from maintaining his claims against Doe personnel. Therefore, the claims against Doe

11

personnel will be dismissed as frivolous and based upon their immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and (2).

### H. Conspiracy

Plaintiff alleges that he entered into plea agreements as a result of conspiratorial actions between plaintiff's attorneys and deputy attorneys general and that Superior Court judges conspired amongst themselves and court clerks. Plaintiff also alleges that Delaware Supreme Court justices furthered the aims of the conspiracy through their rulings in violation of plaintiff's constitutional rights.

Most of plaintiff's conspiracy claims are time-barred. Those that are not are frivolous, speak to actions for which defendants are immune from suit, are conclusory, and fail to meet the pleading requirements of *Iqbal* and *Twombly*. Therefore, the conspiracy claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### I. Respondeat Superior

Plaintiff alleges that Denn, who became the Attorney General of the State of Delaware on January 13, 2015, is responsible for the training, supervision, and discipline of his subordinates. These scant allegations fail to rise to the level of constitutional violations.

In addition, it appears that Denn is named as a defendant based upon his supervisory position. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (unpublished) (holding that "[a] defendant in a civil rights action must have personal

12

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

The claims against Denn fail as they rests impermissibly on a theory of supervisory liability. Accordingly, the court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1).

### J. Municipal Liability

The City of Wilmington is named as a defendant. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews,* 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must: (1) identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the City of Wilmington was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Wilmington directly caused harm to plaintiff, his § 1983 claim

13

cannot stand. Therefore, the court will dismiss the claim against the City of Wilmington as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the court will dismiss the action as frivolous and based upon defendants' immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and (2). The court finds amendment futile.

A separate order shall issue.